IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAUSE OF ACTION INSTITUTE<br>1875 Eye Street, N.W., Suite 800<br>Washington, D.C. 20006,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONAL OCEANIC AND<br>ATMOSPHERIC ADMINISTRATION<br>United States Department of Commerce<br>1401 Constitution Avenue, N.W., Room 5128<br>Washington, D.C. 20230,<br><br>        Defendant. | Civil Action No. 1:17-cv-1329 |

## COMPLAINT

1. Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records maintained by Defendant National Oceanic and Atmospheric Administration ("NOAA").

2. This Complaint involves two different FOIA requests. The records at issue in the first request concern any final guidance from NOAA's Office of General Counsel ("OGC") for the retention of instant messaging sessions created or received through the "Google Chat" or "Google Hangouts" feature of NOAA's Unified Messaging System. According to a March 2012 NOAA handbook, "[p]er the decision of NOAA General Counsel," communications through Google Chat (or Google Hangouts) "will be considered 'off the record' and will not be recorded in anyway." Ex. 1 at 20. The implications of such a directive for agency compliance with the FOIA and the Federal Records Act are obvious. These requested records would likely bear on potentially abusive (and unlawful) records management practices at NOAA.

3. The records at issue in the second request concern all communications sent or received by employees of NOAA's National Marine Fisheries Service ("NFMS") who attended the April 18–20, 2017 New England Fishery Management Council ("NEFMC") meeting. During this meeting, the NEFMC considered and took final action on portions of the Industry-Funded Monitoring Omnibus Amendment ("Omnibus Amendment"). CoA Institute filed this request in pursuit of educating interested segments of the public about NOAA's communications regarding the Omnibus Amendment and to explore the Omnibus Amendment's impact on the economic viability of domestic fisheries. This educational goal is all the more important in light of the Secretary of Commerce's ongoing review of the rule for compliance with federal law.

4. By failing to provide a final determination on either of the foregoing requests or to produce non-exempt portions of responsive records in a timely manner, NOAA and its components have withheld records to which CoA Institute has a right and that serve the public interest in transparent and accountable government.

## JURISDICTION AND VENUE

5. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

7. CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. It regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including NOAA, and disseminates its findings, analysis, and commentary to the general public.

8.      NOAA is an agency within the meaning of 5 U.S.C. § 552(f)(1).  NOAA components—*viz.*, OGC and NMFS—have possession, custody, and/or control of records to which CoA Institute seeks access and which are the subject of this Complaint.

## FACTS

### A.     The April 27, 2017 FOIA Request – DOC-NOAA-2017-001101

9.      By letter, dated April 27, 2017, CoA Institute submitted a FOIA request to NOAA seeking access to "any final guidance concerning the retention of instant messaging sessions created or received through the 'Google Chat' or 'Google Hangouts' feature of [NOAA's] United Messaging System (*i.e.*, NOAA's Google-hosted agency e-mail platform)."  Ex. 1 at 2.  CoA Institute specified that any records concerning NOAA OGC's 2012 "direction" that Google Chat and Google Hangout message be considered "off the record" would be responsive, as would "other records reflecting agency-wide guidance on the retention of chat/instant or text messages created or received through NOAA's Google-hosted e-mail platform."  Ex. 1 at 2.

10.     CoA Institute also requested a public interest fee waiver and classification as a representative of the news media for fee purposes.  Ex. 1 at 2–4.

11.     NOAA received CoA Institute's FOIA request on April 27, 2017 and assigned it tracking number DOC-NOAA-2017-001101.  Ex. 2.  The agency did not provide an estimated date of completion.

12.     By letter, dated May 19, 2017, NOAA "discretionarily granted [CoA Institute] a full waiver" of fees associated with processing CoA Institute's FOIA request.  Ex. 3 at 3.  NOAA did not provide a determination on CoA Institute's request for news media requester status.

13. To date, NOAA has failed to provide any update on its processing of CoA Institute's FOIA request number DOC-NOAA-2017-001101. The agency has yet to issue an interim response, final determination, or production of records.

### B. The May 1, 2017 FOIA Request – DOC-NOAA-2017-001194

14. By letter, dated May 1, 2017, CoA Institute submitted a second FOIA request to NOAA seeking access to "all communications—including, but not limited to, e-mail, instant messaging, Google hangouts or Google chat messages, text messages, SMS messages, Blackberry messages, Skype messages, handwritten notes, or communications through any other media—sent or received by any and all NOAA employees who attended the April 18–20, 2017 NEFMC meetings in their official capacity." Ex. 4 at 3. CoA Institute further specified that the list of individual employees "should include, but not be limited to: John Bullard, Michael Pentony, Elizabeth Chilton, Amy Martins, J. Michael Lanning, Jon Hare, Moira Kelly, and Carrie Nordeen." Ex. 4 at 3.

15. CoA Institute also requested expedited processing for this request, Ex. 4 at 3–4, as well as a public interest fee waiver and classification as a representative of the news media for fee purposes. Ex. 4 at 4–5.

16. NOAA acknowledged receipt of CoA Institute's FOIA request by letter, dated May 11, 2017, and assigned it tracking number DOC-NOAA-2017-001194. Ex. 5. The agency invoked a ten-day extension for its response due to "unusual circumstances" and estimated a completion date of June 22, 2017. Ex. 5.

17. On May 17, 2017, NOAA determined CoA Institute's request for a fee waiver "to be not applicable as the request is not billable." Ex. 6.

18. NOAA denied CoA Institute's request for expedited processing on May 18, 2017. Ex. 7. CoA Institute appealed this denial by letter, dated May 23, 2017. Ex. 8. The appeal was subsequently denied on June 20, 2017. Ex. 9.

19. By e-mail, dated May 25, 2017, NOAA rescinded its initial non-billable fee determination and requested supplemental information to re-evaluate CoA Institute's request for a public interested fee waiver. Ex. 10. NOAA further indicated that "[n]o action will be taken on [the] request pending [CoA Institute's] response . . . and [the] request will be tolled pending [any] response." Ex. 10.

20. On May 31, 2017, CoA Institute responded via e-mail to NOAA's request for supplemental information. Ex. 11. This reply ended the tolling period. *See* 5 U.S.C. § 552(a)(6)(A)(ii)(II) ("[T]he agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.").

21. To date, NOAA has failed to provide any update on its processing of CoA Institute's FOIA request number DOC-NOAA-2017-001194. The agency has also failed to issue a fee waiver determination in light of CoA Institute's May 31, 2017 letter, let alone an interim response, final determination, or production of non-exempt records.

## COUNT I
### Violation of the FOIA: Failure to Comply with Statutory Requirements

22. CoA Institute repeats all of the above paragraphs.

23. The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

24. The FOIA further requires an agency to respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.*

§ 552(a)(6)(A)–(B). If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

### A. April 27, 2017 Request – DOC-NOAA-2017-001101

25. CoA Institute's April 27, 2017 FOIA request seeks access to agency records maintained by NOAA, reasonably describes the records sought, and otherwise complies with the FOIA and applicable NOAA regulations.

26. More than thirty (30) business days have passed since NOAA received CoA Institute's FOIA request on April 27, 2017.

27. NOAA has failed to issue a final determination on or produce records responsive to CoA Institute's FOIA request within the applicable FOIA time limits.

28. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

### B. May 1, 2017 Request – DOC-NOAA-2017-001194

29. CoA Institute's May 1, 2017 FOIA request seeks access to agency records maintained by NOAA, reasonably describes the records sought, and otherwise complies with the FOIA and applicable NOAA regulations.

30. More than thirty (30) business days have passed since NOAA received CoA Institute's FOIA request on April 27, 2017. Between NOAA's acknowledgement on May 11, 2017 and its request for supplemental information on May 25, 2017, at which point the response period was tolled, nine (9) business days passed. Since CoA Institute's response on May 31, 2017, which restarted the clock, an additional twenty-five (25) business days have passed.

31. NOAA has failed to issue a final determination on or produce records responsive to CoA Institute's FOIA request within the applicable FOIA time limits.

32. CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a. Order NOAA to process CoA Institute's April 27, 2017 and May 1, 2017 FOIA requests and to issue determinations on those requests within twenty (20) business days of the date of the Order;

b. Order NOAA to produce all responsive records promptly upon issuing its final determinations on the April 27, 2017 and May 1, 2017 FOIA requests;

c. Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Grant such other relief as the Court may deem just and proper.

//

//

//

Dated:  July 6, 2017

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Julie A. Smith
D.C. Bar No. 435292
Eric R. Bolinder
D.C. Bar No. 1028335

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
ryan.mulvey@causeofaction.org
julie.smith@causeofaction.org
eric.bolinder@causeofaction.org

*Counsel for Plaintiff CoA Institute*